UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 16-10233-RGS

UNITED STATES OF AMERICA

v.

DONNA M. ACKERLY

MEMORANDUM AND ORDER
ON DEFENDANT'S MOTION TO SEVER

October 28, 2016

STEARNS, D.J.

Before the court is defendant Donna Ackerly's motion to sever the trial of her case from that of her codefendants. Two grounds are advanced to justify severance: (1) the potential risk to her physical health caused by the stress of a prolonged wait for the trial to begin (Ms. Ackerly is a breast cancer survivor); and (2) the potential for a "spillover" effect of the far more substantial evidence allegedly amassed by the government against her codefendants.  (Ms. Ackerly contends that, at best, she was a peripheral figure in the bribery scheme outlined in the indictment).

The second argument is the easier to address.  As the government argues, and Ms. Ackerly acknowledges, there is a strong preference in the law for trying together defendants who are indicted together "to prevent inconsistent verdicts and to conserve judicial and prosecutorial resources." *United States v. Rodriguez-Reyes*, 714 F.3d 1, 17 (1st Cir. 2013), quoting

*United States v. Soto-Beníquez*, 356 F.3d 1, 29 (1st Cir. 2004). "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993) (antagonistic defenses do not establish a *per se* right to a severance). Moreover, "where separate trials would have necessarily involved repetitive use of most of the same evidence and same facts, we find no possibility of such an abuse of discretion absent a clear showing of substantial prejudice to the defendant." *United States v. Ciampaglia*, 628 F.2d 632, 643 (1st Cir. 1980). Even where, as alleged to be the case here, large amounts of testimony are irrelevant to one defendant, or where one defendant's involvement is far less than the involvement of others, the trial judge's denial of a motion to sever will not be second-guessed. *United States v. O'Bryant*, 998 F.2d 21, 26 (1st Cir. 1993); *see also United States v. Levy-Cordero*, 67 F.3d 1002, 1007 (that the minnow stands trial with the kingfish does not necessitate severance).

The preference for joint trials is all the stronger in a conspiracy case like this one. *See United States v. Searing*, 984 F.2d 960, 965 (8th Cir. 1993) ("In the context of conspiracy, severance will rarely, if ever, be required."); *United States v. Brandon*, 17 F.3d 409, 440 (1st Cir. 1994) (same); *see also Levy-Cordero*, 67 F.3d at 1007-1008 (where evidence is independently admissible against a co-defendant, there can be no viable complaint about

an improper spillover effect).  *Cf. United States v. Pierro*, 32 F.3d 611, 615 (1st Cir. 1994) (prejudice from an alleged evidentiary spillover must be "so pervasive that a miscarriage of justice looms."), *abrogated on other grounds by U.S. v. Anonymous Defendant,* 629 F.3d 68 (1st Cir. 2010).

The first issue is the more difficult.  Ms. Ackerly has been treated for breast cancer since 1998, and while presently in remission, suffered a recurrence in 2013.  She maintains that the criminal charges have "dramatically increased" the ongoing stress and anxiety induced by the disease and that the "toll will continue for as long as my trial is delayed." Ackerly Aff. ¶¶ 5-6.  Her treating oncologist, Dr. Victoria Blinder, has offered an affidavit stating that "it would be beneficial if the criminal proceedings were held in a timely fashion to minimize [Ackerly's] stress burden." Blinder Aff. ¶ 6.  Although not echoed in Dr. Blinder's affidavit, Ackerly's counsel suggests in a supporting memorandum that "medical studies have shown that 'stress-related psychosocial factors have had adverse effect on cancer incidence and survival.'" Def.'s Mem. at 2.  The five studies he attaches to his memorandum are for the most part dated and not nearly as definitive as the memorandum implies.  *See, e.g.*, Oxana Palesh, et al., *Stress history and breast cancer recurrence*, J. of Psychosomatic Research 63 (2007) at 233 (noting that there is "mixed evidence regarding the possible association between a history of stressful or traumatic life events and more rapid breast cancer progression").

A court of law is, of course, ill-equipped to resolve an issue of causation about which the medical science community is at best uncertain and in the main unconvinced.  *See* Aff. of Dr. David S. Rosenthal, former President of the American Cancer Society at ¶ 4 ("No study has demonstrated that stress or anxiety causes cancer.  Similarly, no study has demonstrated that stress or anxiety accelerates the course of the disease, or causes cancer to recur.").  The medical dispute, however, is not one that has a bearing on the legal issue before the court.  On a legal plane, Ms. Ackerly's argument is more about a speedy trial than a severance.   On this subject, the government has no objection to accelerating the trial schedule so long as it is not put in the position of trying the case twice and so long as the right of each codefendant to an adequate amount of time to prepare a defense is respected.  Gov't's Mem. at 7-8.[1]  The court will, to this end, commit itself to giving the trial the earliest possible date consistent with its own schedule and the interests of all the parties concerned.[2]

---

[1]  The government asserts, and the court has no reason to doubt the assertion, that there would be no economies of scale in trying Ms. Ackerly alone as "*all* of the same witnesses would be required to testify, and *all* of the same evidence would be introduced to prove the nature and scope of the conspiracy." Govt's Mem. at 9 (emphasis in original).

[2] The court has offered in the event of any prolonged conflict with its own schedule to have the case redrawn to another session, but both Ms. Ackerly and the government have indicated that this not their wish.

4

ORDER

For the foregoing reasons, the motion to sever is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE