UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 16-10233-RGS

UNITED STATES OF AMERICA

v.

DONNA M. ACKERLY

ORDER SETTING TIME LIMITS
FOR JURY TRIAL

December 20, 2018

STEARNS, D.J.

    The court imposes the following limits on the presentation of evidence in the forthcoming January 7, 2019 trial of defendant Donna Ackerly. The government is allocated eleven (11) hours. Defendant will have a corresponding (11) hours. Cross-examination is taxed to the examining party. The limits do not include empanelment, opening statements, and closing arguments.

    By way of explanation, federal courts have considerable authority when it comes to managing their dockets. *Sec'y of Labor v. DeSisto*, 929 F.2d 789, 795-796 (1st Cir. 1991). This includes the ability to impose reasonably strict time limits on jury trials. *Id.* This inherent authority is reinforced by the Federal Rules of Evidence, which are to "be construed so as to . . . eliminate unjustifiable expense and delay." Fed. R. Evid. 102. Specifically, the court

has the power to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to . . . avoid wasting time." Fed. R. Evid. 611(a)(2).

Although more common in civil cases, "setting time limits in a criminal trial is equally authorized." *United States v. Cousar*, 2007 WL 4456798, at *2 (W.D. Pa. Dec. 16, 2007); *accord United States v. Hildebrand*, 928 F. Supp. 841, 849 (N.D. Iowa 1996). Indeed, the First Circuit has specifically acknowledged the court's authority to "impos[e] reasonable time limits on both civil and criminal trials in the exercise of the court's reasonable discretion." *DeSisto*, 929 F.2d at 795 (citing *United States v. Reaves*, 636 F. Supp. 1575, 1578 (E.D. Ky. 1986)); *accord United States v. DeCologero*, 364 F.3d 12, 25 (1st Cir. 2004). Time limits promote a more efficient presentation of the case, which not only improves the quality of jury comprehension, *see United States v. Warner*, 506 F.3d 517, 521-524 (7th Cir. 2007) (op. dissenting from denial of rehearing *en banc*), but also eliminates "[n]umerous objections or *sua sponte* interruptions by the court to debate what evidence is repetitious or cumulative," *Reaves*, 636 F. Supp. at 1580. A court's imposition of time limits or other restraints on trial time must, of course, be reasonable. *DeSisto*, 929 F.2d at 795. The court's discretion must be guided by an assessment of the complexity of the case to ensure that the

parties can "present[] sufficient evidence on which to base a reliable judgment." *Id.* at 796. In the criminal context, time limits must also account for special considerations not present in civil cases. In particular, a court must respect a defendant's right to testify in her own defense and her right to confront the witnesses against her. *See United States v. Morrison*, 833 F.3d 491, 504-505 (5th Cir. 2016). In this case the court has the advantage of having heard a nearly complete prior iteration of this same trial and believes this it has balanced all of the appropriate considerations that guide its exercise of discretion in the matter. Consequently, the time limits will be, absent exigent circumstances, strictly enforced.

                              SO ORDERED.

                              /s/ Richard G. Stearns_____
                              UNITED STATES DISTRICT JUDGE